1  David W. Wiechert, SBN 94607
   LAW OFFICE OF DAVID W. WIECHERT
2  27136 Paseo Espada, Suite B1123
   San Juan Capistrano, CA 92675
3  Tel: (949) 361-2822
   Email: dwiechert@aol.com
4
5  Attorneys for Attorneys for Claimants
   Medalist Holdings, Inc., Leeward Holdings,
   LLC, Camarillo Holdings, LLC,
6  Vermillion Holdings, LLC, Cereus
   Properties, LLC, and Shearwater Investments,
7  LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 2:18-cv-08588-RGK-PJW |
|---|---|
| Plaintiff, | Honorable R. Gary Klausner |
| v. | **VERIFIED CLAIMS AND STATEMENTS OF INTEREST IN DEFENDANT ASSETS** |
| $699,940.00 in Bank Funds from ING Bank '7684; $106,988.41 in Bank Funds from ING Bank '2071; $499,910.01 in Bank Funds from US Bank '0239; $50,000 in Bank Funds from Enterprise Bank and Trust '7177; $1,876.36 in Bank Funds from ING Bank '2071; $50,357.35 in Bank Funds from ING Bank '7684; $248,970.00 in Bank Funds from Citibank NA '0457; $52,500.00 in Bank Funds from Enterprise Bank and Trust '7177; $65,000.00 in Bank Funds from Enterprise Bank and Trust '7177; $5,534.54 in Bank Funds from Enterprise Bank and Trust '7177; $52,500.00 in Funds from Crypto Capital, | |
| Defendants. | |

1

VERIFIED CLAIMS AND STATEMENTS OF INTEREST IN DEFENDANT ASSETS

Claimant Medalist Holdings, Inc. is a Delaware corporation and Claimants Leeward Holdings, LLC, Camarillo Holdings, LLC, Vermillion Holdings, LLC, Cereus Properties, LLC, Shearwater Investments, LLC, and Broadway Capital Corp., LLC are Delaware limited liability companies and wholly-owned subsidiaries of Medalist.

Pursuant to 18 U.S.C. § 983(a)(4)(A), Supplemental Rule G(5) of the Federal Rules of Civil Procedure, and this Court's May 10, 2019 order (Dkt. 30), Claimants submit these Verified Claims and Statements of Interest asserting an interest in the following: $699,940.00 in Bank Funds from ING Bank '7684; $106,988.41 in Bank Funds from ING Bank '2071 ("ING '2071"); $499,910.01 in Bank Funds from US Bank '0239 ("US '0239"); $50,000 in Bank Funds from Enterprise Bank and Trust '7177 ("Enterprise '7177"); $1,876.36 in Bank Funds from ING Bank '2071 ("ING '2071"); $50,357.35 in Bank Funds from ING Bank '7684 ("ING '7684"); $248,970.00 in Bank Funds from Citibank NA '0457 ("Citibank '0457"); $52,500.00 in Bank Funds from Enterprise '7177; $65,000.00 in Bank Funds from Enterprise '7177; $5,534.54 in Bank Funds from Enterprise '7177; $52,500.00 in Funds from Crypto Capital ("Crypto") (6 Bitcoins transferred from a Backpage controlled wallet; 199.99995716 Bitcoins transferred from a Backpage controlled wallet; 404.99984122 Bitcoins transferred from a Backpage controlled wallet; 173.97319 Bitcoins transferred from a Backpage controlled wallet; 411.00019 Bitcoins transferred from a Backpage controlled wallet; 2.00069333 Bitcoins transferred from a Backpage controlled wallet; 136.6544695 Bitcoins transferred from a Backpage controlled wallet; 2,673.59306905 Bitcoins Cash transferred from a Backpage controlled wallet; 55.5 Bitcoins Cash transferred from a Backpage controlled wallet; 73.62522241 Bitcoins Cash transferred from a Backpage controlled wallet; 16,310.79413202 Litecoin transferred from a Backpage controlled wallet; 783.9735116 Litecoin transferred from a Backpage controlled wallet; and 509.81904619 Bitcoins Gold transferred from a Backpage controlled wallet (collectively, the "Defendant Assets").

On October 5, 2018, the United States of America filed its Verified Complaint for Forfeiture (the "Complaint") in the United States District Court for the Central District of

California, Western Division, seeking the forfeiture of the Defendant Assets. The Court stayed this case in its Order dated October 23, 2018 (Dkt. 13). The same stay order, entered in C.D. Cal. Case No. 18-CV-6742-RGK, is the subject of a pending appeal before the Ninth Circuit Court of Appeals (No. 18-56455). Given the pending appeal of the stay order and the active stay of this case, Claimants request that the Court hold these Verified Claims and Statements of Interest in abeyance until such time as the stay is lifted.

On information and belief, claimant Shearwater holds promissory notes initially made on or about April 22, 2015, by Atlantische Bedrijven C.V. ("ABC") and UGC Tech Group C.V. ("UGC"). The notes have been subsequently amended. On information and belief, the notes are secured by liens arising under security agreements, executed on or about April 22, 2015, encumbering, among other things, the assets of ABC and UGC ("Borrowers") and the assets of Ad Tech Holdings GP BV, Ad Tech Cooperatief UA, Ad Tech BV, Classified Solutions Ltd., Classified Strategies Cooperatief UA, Payment Solutions, BV, Dartmoor Holdings, LLC, Website Technologies, LLC, Posting Solutions LLC, Postfaster, LLC, IC Holdings, LLC, and Backpage.com, LLC (collectively, "Pledgors").

The security agreements state that they encumber the following assets of Borrowers and Pledgors (the "Collateral"): "all personal and property of every kind and nature including without limitation all goods (including inventory, equipment and any accessions thereto), fixtures, instruments (including promissory notes), documents, accounts (including health-care-insurance receivables), chattel paper (whether tangible or electronic), deposit accounts, letter-of-credit rights (whether or not the letter of credit is evidenced by a writing), commercial tort claims, securities and all other investment property, supporting obligations, any other contract rights or rights to the payment of money, insurance claims and proceeds, all general intangibles (including all payment intangibles), the IP Collateral (as defined in the following paragraph), and all products and proceeds of all of the foregoing property."

The security agreements define IP Collateral as: "(i) all patents, patent applications and utility models, all inventions and improvements claimed therein and the right to claim any inventions disclosed but unclaimed therein; (ii) all trademarks, service marks, domain names, trade dress, logos, designs, slogans, trade names, business names, corporate names and other source identifiers, whether registered or unregistered, together, in each case, with the goodwill of the business connected with the use thereof and symbolized thereby; (iii) all copyrights, including, without limitation, copyrights in computer software, internet web sites and the content thereof, whether registered or unregistered; (iv) all registrations and applications for registration for any of the foregoing; (v) all agreements, permits, consents, orders, leases, licenses and franchises relating to the license, development, use or disclosure of any of the foregoing to which such Grantor, now or hereafter, is a party or a beneficiary; (vi) all reissues, divisions, continuations, continuations-in-part, extensions, renewals and reexaminations of any of the foregoing, all rights in the foregoing provided by international treaties or conventions, all rights corresponding thereto throughout the world and all other rights of any kind whatsoever of such Grantor accruing thereunder or pertaining thereto; (vii) any and all claims for damages, other payments and/or injunctive relief for past, present and future infringement, dilution, misappropriation, violation, misuse or breach with respect to any of the foregoing, with the right, but not the obligation, to sue for and collect, or otherwise recover, such damages, payments or other relief; and (viii) any and all proceeds of, collateral for, income, royalties and other payments now or hereafter due and/or payable with respect to, and supporting obligations relating to, any and all of the foregoing, and, to the extent not otherwise included, all payments under insurance (whether or not the Secured Party is the loss payee thereof), or any indemnity, warranty or guaranty, payable by reason of loss or damage to or otherwise with respect to any of the foregoing."

On information and belief, financing statements were filed in April 2015 with the Delaware Secretary of State, the Recorder of Deeds in the District of Columbia, and the Texas Secretary of State to perfect security interests in the Collateral. The security

agreements encumbering the Collateral also secure the obligations of ABC and UGC under purchase agreements and loan agreements executed on or about April 22, 2015, and the obligations of Pledgors, Carl A. Ferrer, Amstel River Holdings, LLC, Kickapoo River Investments LLC, Lupine Holdings LLC, CF Holdings GP LLC, CF Acquisitions LLC under guarantees executed on or about April 22, 2015.

Claimants have the right to advancement and indemnification from ABC and UGC under the purchase agreements and loan agreements, which advancement and indemnification obligations are guaranteed by Pledgors, Carl A. Ferrer, Amstel River Holdings, LLC, Kickapoo River Investments LLC, Lupine Holdings LLC, CF Holdings GP LLC, CF Acquisitions LLC and also secured by the security interests in the Collateral.

On information and belief, the interests of Borrowers, Pledgors, Carl A. Ferrer, Amstel River Holdings, LLC, Kickapoo River Investments LLC, Lupine Holdings LLC, CF Holdings GP LLC, and CF Acquisitions LLC in the Defendant Assets are part of the Collateral, in which claimant Shearwater has a first-priority security interest dating to April 2015 securing the obligations under the promissory notes, security agreements, and purchase agreements and loan agreements, including the advancement and indemnification obligations.

The security interests in the Collateral securing the obligations to Claimants are legally recognizable interests in the Defendant Assets, giving Claimants a superior right, title, and interest in the Defendant Assets over any and all interests asserted by the government in the Defendant Assets. The unpaid balance of the notes, and the sums owed for advancement and indemnification, secured by the security agreements greatly exceed the value of the Defendant Assets.

Pursuant to Supplemental Rule E(8) of the Federal Rules of Civil Procedure, Claimants expressly limit their appearance to asserting and defending their claims to the Defendant Assets. Claimants reserve all rights to challenge the *in rem* jurisdiction of this Court and the propriety of venue in this action.

1 | Dated:  May 24, 2019                                                   s/ *David W. Wiechert*
2 |                                                                                  David W. Wiechert
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

VERIFIED CLAIMS AND STATEMENTS OF INTEREST IN DEFENDANT ASSETS

## VERIFICATION OF CLAIM

Daniel J. Quigley declares under penalty of perjury under the laws of the United States of America:

I am an agent of Claimants Medalist Holdings, Inc., Leeward Holdings, LLC, Camarillo Holdings, LLC, Vermillion Holdings, LLC, Cereus Properties, LLC, and Shearwater Investments, LLC authorized to sign these Verified Claims and Statements of Interest for Claimants. I have read the foregoing Verified Claims and Statements of Interest and its contents are true and correct to the best of my own knowledge, except for matters stated on information and belief, which I believe to be true.

Dated: May 23, 2019

_____
Daniel J. Quigley
Authorized Agent for Claimants Medalist
Holdings, Inc., Leeward Holdings, LLC,
Camarillo Holdings, LLC, Vermillion
Holdings, LLC, Cereus Properties, LLC, and
Shearwater Investments, LLC

# CERTIFICATE OF SERVICE

I, Danielle Dragotta, an employee of the Law Office of David W. Wiechert, located at 27136 Paseo Espada, Suite B1123, San Juan Capistrano, California 92675, declare under penalty and perjury that I am over the age of eighteen (18) and not a party to the above-entitled proceeding.

On May 24, 2019, I served the forgoing documents, described as **VERIFIED CLAIMS AND STATEMENTS OF INTEREST IN DEFENDANT ASSETS** on all interested parties as follows:

[ ]  **BY MAIL:**  I caused such envelope(s) to be deposited in the mail at San Juan Capistrano, California with postage thereon fully prepaid to the office of the addressee(s) as indicated on the attached service list. I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

[X]  **BY E-MAIL:**  I caused a copy to be transmitted electronically by filing the foregoing with the clerk of the District Court using its ECF system, which electronically notifies counsel for the parties.

[ ]  **BY PERSONAL SERVICE:**  I personally delivered the document listed above to the persons at the address set forth below.

[X]  **FEDERAL:**  I declare that I am employed in the office of a member of the Bar of this court at whose direction the service was made.

Executed on May 24, 2019, at San Juan Capistrano, California.

                                                s/ *Danielle Dragotta*
                                                Danielle Dragotta